UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAKUL KARKARE, M.D., ATTORNEY-IN-FACT ON BEHALF OF PATIENT DP<br><br>Plaintiff,<br><br>v.<br><br>CIGNA LIFE AND HEALTH INSURANCE COMPANY,<br><br>Defendant. | Case No. |

## COMPLAINT

By way of this Complaint, Plaintiff Nakul Karkare, M.D., on behalf of Patient DP ("Plaintiff") brings this action against CIGNA Life and Health Insurance Company ("Defendant").

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and its governing regulations, concerning Defendant's under-reimbursement of AA Medical's specialized spinal surgery.

2. Defendant is a fully insured plan under which the patient of Plaintiff's professional practice group, AA Medical P.C., ("AA Medical") was a plan beneficiary. Nakul Karkare, M.D. is affiliated with AA Medical.

3. AA Medical was an out-of-network provider at all times relevant to this action, meaning that its co-surgeons did not participate in its network.

4. Co-surgeons Vendant Vaksha, M.D. and Nitin Mariwalla, M.D., both affiliated with AA Medical, performed a bilateral C7-T1 and T1-T2 laminoforaminotomy and medial facetectomy, and a bilateral laminotomy at C7-T1 and T1-T2. After the surgery, Plaintiff

1

submitted an invoice in the form of a CMS-1500 form as required for a total amount of $341,445.85. Defendant paid $1,039.51, leaving an unreimbursed amount of $340,406.34.

## JURISDICTION

5. The Court has subject matter jurisdiction over Plaintiff's ERISA claim under 28 U.S.C. § 1331 (federal question jurisdiction).

6. The Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of this Court, and Defendant systematically and continuously conducts business in the State of New York, and otherwise has minimum contacts with the State of New York, and with respect to ERISA the United States, sufficient to establish personal jurisdiction over it.

7. Venue is appropriately laid in this District under 28 U.S.C. § 1391 because (a) Defendant Plan resides, is found, has an agent, and transacts business in the Eastern District of New York, (b) Defendant conducts a substantial amount of business in the Eastern District of New York, including marketing and selling self-funded group healthcare plans inside the Eastern District of New York; (c) Defendant transacts business in the Eastern District of New York by insuring individuals in the State (including the Patient) by providing its self-funded group healthcare plan to those employees who are plan participants and beneficiaries of its Plan.

8. Venue is also appropriate under 29 U.S.C. § 1132(e)(2), which requires that an ERISA plan participant has the right to bring suit where he or she resides or alleges that the violation of ERISA occurred. Plaintiff alleges that Defendant violated ERISA within the Eastern District of New York.

## PARTIES

9. Plaintiff is a surgeon affiliated with AA Medical, a surgical practice group. Plaintiff's principal place of business is Stony Brook, New York.

2

10. Defendant is a health insurance company. Its principal place of business is located in Bloomfield, Connecticut. It is incorporated in Connecticut.

## FACTUAL ALLEGATIONS

11. On March 27, 2019, Plaintiff's co-surgeons, Vendant Vaksha, M.D. and Nitin Mariwalla, M.D., performed a bilateral C7-T1 and T1-T2 laminoforaminotomy and medial facetectomy, and a bilateral laminotomy at C7-T1 and T1-T2 on the Patient. The Patient suffered from acute monoparesis of prominent upper extremity and cervicothoracic stenosis with foraminal extrusion, extruded and herniated disc at C-7-T1-T2. The surgery was performed at St. Catherine of Siena Medical Center, Smithtown, New York.

12. After performing this medically necessary surgery, Plaintiff submitted an invoice on a CMS-1500 form as required. Plaintiff billed $341,445.85. Defendant paid $1,039.51, leaving an unreimbursed amount of $340,406.3413.

13. In its Explanation of Benefits ("EOB"), constituting its Adverse Benefit Determination, Defendant represented that the "charge exceeds fee schedule/maximum allowable or contracted/legislated fee arrangement."

14. Because Plaintiff is out of network with Defendant there is no fee schedule.

15. For the same reason, there is no contracted fee arrangement.

16. Upon information and belief, there is no legislated fee arrangement.

17. Upon information and belief, the reimbursement amount paid to Plaintiff did not exceed the maximum allowable rate or fee arrangement under the plan.

18. Surgical services are a covered service under the Plan.

19. Plaintiff appealed to Defendant. Defendant denied the appeal and Plaintiff exhausted its administrative remedies.

20. Alternatively, the appellate process was futile and Plaintiff was deemed to have exhausted Defendant's administrative remedies.

21. When Defendant denied Plaintiff's claims, it did not do so pursuant to the rules promulgated under ERISA.

22. 29 C.F.R. § 2560.503-1(g) provides as follows:

**Manner and content of notification of benefit determination.**

(1) The plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination. Any electronic notification shall comply with the standards imposed by 29 CFR 2520 2520.104b-1(c)(1)(i), (iii), and (iv). The notification shall set forth, in a manner calculated to be understood by the claimant -

(i) The specific reason or reasons for the adverse determination;

(ii) Reference to the specific plan provisions on which the determination is based;

(iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;

(iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review;

(v) In the case of an adverse benefit determination by a group health plan -

(A) If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request.

23. Defendant did not provide the information required by 29 C.F.R. § 2560.503-1(g), in violation of ERISA and the rules promulgated thereunder.

24. Specifically, Defendant failed to provide Plaintiff to the specific plan provisions on which the determination was based; a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review; and the specific rule, guideline, protocol, or other similar criterion used and that it may be requested free of charge.

25. Deemed exhaustion is set out in 29 C.F.R. § 2560-503-1, which states:

> [I]n the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of [ERISA] on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

26. Plaintiff received a Power of Attorney from the Patient.

## COUNT I

### CLAIM AGAINST DEFENDANT FOR UNPAID BENEFITS UNDER EMPLOYEE BENEFIT PLAN GOVERNED BY ERISA

27. Defendant is obligated to pay benefits to its Plan participants and beneficiaries in accordance with the terms of Defendant's Plan, and in accordance with ERISA.

28. Defendant violated its legal obligations under this ERISA-governed Plan when it under-reimbursed Plaintiff for the surgeries provided to the Patient by Plaintiff, in violation of the terms of the Plan and in violation of ERISA § 502(a)(l)(B), 29 U.S.C. § 1132(a)(l)(B).

29. Plaintiff submitted invoices for $341,445.85.

30. Defendant paid $1,039.51, leaving an unreimbursed amount of $340,406.34. Plaintiff seeks the maximum allowable amount under the Plan.

31. Plaintiff seeks unpaid benefits and statutory interest back to the dates Plaintiff's claims were originally submitted to Defendant. It also seeks attorneys' fees, costs, prejudgment interest and other appropriate relief against Defendant.

**WHEREFORE**, Plaintiff demands judgment in its favor against Defendant as follows:

(a) Ordering Defendant to recalculate and issue unpaid benefits to Plaintiff;

(b) Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees under ERISA, and costs and expenses in amounts to be determined by the Court;

(c) Awarding prejudgment interest; and

(d) Granting such other and further relief as is just and proper.

Dated: December 1, 2021

/s/ Robert J. Axelrod
AXELROD LLP
1465 Fifth Avenue, No. 7D
New York, NY 10035
(646) 448-9863
rjaxelrod@axelrodllp.com

*Attorney for Plaintiff AA Medical, P.C., on behalf of Patient DP*